UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Chad Nicholas Nelson,

    Plaintiff,

v.

Jesse Pugh,

    Defendant.

Case No. 23-cv-884 (PAM/DTS)

**ORDER AND
REPORT AND RECOMMENDATION**

---

This matter comes before the Court on Plaintiff Chad Nicolas Nelson's (1) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 7 (IFP Application); (2) First Motion in Limine, ECF No. 17; (3) letter received on May 30, 2023, ECF No. 18 (Request Letter); (4) motion received on June 7, 2023, ECF No. 23 (Legal-Mail Motion); (5) motion received on July 31, 2023, ECF No. 45 (Copies Motion); (6) letter received on July 31, 2023, ECF No. 47 (Copies Request); (7) Motion for an Order Compelling Discovery, ECF No. 51 (Discovery Motion); (8) Urgent Motion for an Order Compelling Discovery, ECF No. 53 (Second Discovery Motion); (9) Motion to Substitute Parties, ECF No. 61 (Motion to Substitute); and (10) Motion to Clarify and Comment on Order Dated 8-18-2023, ECF No. 65 (Clarification Motion).[1]

For the following reasons, the Court grants the IFP Application and the Motion to Substitute, and grants the Copies Request in part. It otherwise denies the Copies Request; denies the First Motion in Limine to the extent that it asks for appointed counsel and that "free copying" be included in any *in forma pauperis* (IFP) orders; denies the

---

[1] The Court has corrected capitalization in the listed document titles without further comment.

Request Letter's request for appointed counsel; denies the Copies Motion's first and fourth requests; denies the Discovery Motion and the Second Discovery Motion; and denies the Clarification Motion to the extent that it asks for something other than for the Court to be aware of positions that Nelson has taken in this litigation. Finally, the Court recommends denying the First Motion in Limine to the extent that it seeks various forms of injunctive relief; denying the Legal-Mail Motion; and denying the Copies Motion's second and third requests.

I. **Background**

On September 11, 2023, this Court entered an order requiring Nelson to submit an amended filing. *See* Order 1–2, ECF No. 71 (November 2023 Order). Because Nelson has said that he wants this matter to proceed as a habeas action, *see, e.g.*, ECF No. 60 at 1, the order stated that Nelson should "fully complete the template form for [28 U.S.C.] § 2254 petitions or provide a document including similar information." Nov. 2023 Order 2. The Court gave Nelson until December 21, 2023, to submit this amended filing, failing which the Court would recommend dismissing this action for failure to prosecute. *See id.* The Court recently granted Nelson's request for an extension, so Nelson's current deadline here is February 29, 2024. *See* Order 1, ECF No. 74.

Given this case's history, the docket has various pending motions. The Court can resolve these while awaiting Nelson's new habeas petition, so it will do so now, if only to have as much of a "clean slate" as possible once that petition arrives.

II. **IFP Application**

The Court received the IFP Application on May 15, 2023. *See* Docket. This filing asks the Court to let Nelson proceed *in forma pauperis* (IFP) in this action. *See* IFP

Appl. 1. Based on the information presented, the Court concludes that as a financial matter, Nelson qualifies for IFP status. The Court therefore grants the IFP Application.[2]

## III. First Motion in Limine

Received by the Court on May 24, 2023, the First Motion in Limine asks for several forms of injunctive relief; it also includes a request for appointed counsel and that "free copying" be included "in any In Forma Pauperis order(s)."[3] *See* Docket; First Mot. in Limine 1.

With respect to the sought-after injunctive relief—as a practical matter, requests for preliminary injunctions—Nelson's requests seem to be moot. They all appear to spring from conditions of Nelson's confinement at the Minnesota Correctional Facility in Rush City, Minnesota (MCF–Rush City). *See* First Mot. in Limine 1. But Nelson is no longer at MCF–Rush City; he was placed on supervised release in December 2023. *See* Minn. Dep't of Corrs., Inmate Locator, *available at* https://coms.doc.state.mn.us/PublicViewer (last accessed Jan. 24, 2024). The relevant conditions of confinement thus no longer

---

[2] Notwithstanding this decision, the Court will refrain from entering any service-related orders until it does a preliminary review of Nelson's forthcoming habeas petition. *See* Rules Governing § 2254 Cases in the U.S. District Courts at Rule 4 (requiring preliminary review).

[3] The injunctive-relief requests ask the Court to (1) "enjoin" various people "in their official capacities" in some unspecified way, (2) require that Nelson get a haircut "before any hearings," (3) "stay any future legal work confiscation by prison staff," (4) require that Nelson "be unshackled during any hearings," (5) "order [that] more suitable carbon paper be made available," (6) "suspend" a "weekly page limit from the prison law library," and (7) "order" that Nelson's "entire casefile" be "reconstituted from the files from the Public Defenders/Appellate and trial, and Prosecutors Office" and that Nelson be allowed to "keep and possess those files" while imprisoned. First Mot. in Limine 1.

apply to him. The Court therefore recommends denying the First Motion in Limine, as moot, to the extent it requests injunctive relief.[4]

As for the First Motion in Limine's request for counsel, the Court denies that as well. There is no constitutional or statutory right to appointed counsel in civil litigation (including habeas matters). *See, e.g.*, *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases); *McIntosh v. Rardin*, No. 23-CV-2311, 2023 WL 8110798, at *2 (D. Minn. Nov. 22, 2023) (same), *report and recommendation adopted*, 2024 WL 51283 (D. Minn. Jan. 4, 2024). Appointing counsel in such matters is a decision committed to trial-court discretion. *See, e.g.*, *McCall*, 114 F.3d at 756 (citing cases); *McIntosh*, 2023 WL 8110798, at *2 (same). Courts making appointment decisions consider such factors as "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)); *Randle v. Ramsey Cnty.*, No. 23-CV-1491, 2024 WL 22104, at *1 (D. Minn. Jan. 2, 2024) (quoting *Crozier*).

The Court concludes that at present, litigating this action is not factually or legally complex, and Nelson appears able to investigate the relevant facts and present his positions to the Court. Furthermore, at this juncture, the possibility of conflicting testimony

---

[4] Furthermore, even if these injunctive-relief requests were not moot, the Court would still recommend denying them, for Nelson makes no serious attempt to justify his requests by applying the relevant substantive guidelines established by cases such as *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981) (en banc).

is not much of an issue. Considering the *Crozier* factors, then, the Court denies the First Motion in Limine's request for counsel.[5]

Lastly, the Court considers the First Motion in Limine's request that "free copying" be included in any IFP orders. This request is unclear; the Court construes it as a request for reimbursement of copying costs that Nelson incurs in pursuing this action. Nelson provides the Court no authority for the proposition that a litigant's IFP status merits the reimbursement of copying costs, nor is the Court aware of any such authority. *Cf. Fiorito v. Drummy*, No. 22-CV-0923 (PJS/TNL), 2023 WL 2238804, at *1 (D. Minn. Feb. 27, 2023) ("Litigants, even litigants proceeding *in forma pauperis* . . . , are not generally entitled to free copies of documents that they themselves have filed with the Court." (citing cases)). The Court therefore denies this component of the First Motion in Limine.

## IV. Request Letter

The Court received the Request Letter on May 30, 2023. *See* Docket. This is a letter to U.S. District Judge Paul A. Magnuson; by and large, it details certain difficulties that Nelson has purportedly had in prosecuting this case. *See* Req. Ltr. 1–3. These parts of the Letter appear to be informative only and contain no requests for relief. On the other hand, the Request Letter's early paragraphs do contain a one-sentence "restate[d] . . . request for appointed counsel." *Id.* at 1. The Court denies this request for the reasons discussed in Section III above.

---

[5] This denial is without prejudice—in the future, as the case proceeds, Nelson can file another request for appointed counsel if he believes doing so is warranted.

## V. Legal-Mail Motion

The Legal-Mail Motion (received on June 7, 2023) claims that prison officials are impermissibly interfering with Nelson's legal mail. *See* Docket; Legal-Mail Mot. 1. Nelson asks for an order "that all incoming and outgoing mail from" someone to whom Nelson gave power of attorney "be treated as legal mail." *Id.* Nelson also asks the Court to order prison officials to let Nelson speak with this same person in private, unmonitored legal calls. *See id.* Again, the Court construes these requests as essentially requests for preliminary injunctions.

Because Nelson is no longer confined at MCF–Rush City, the concerns raised in the Legal-Mail Motion presumably no longer apply. The Court therefore recommends denying the Legal-Mail Motion's requests as moot, for the same reasons discussed in Section III above.[6]

## VI. Copies Motion

The Copies Motion, received by the Court on July 31, 2023, has four numbered requests. *See* Copies Mot. 1–2. First, Nelson repeats his request that his "copy costs" be included "in [an] IFP order." *Id.* at 1. Second, Nelson asks the Court to "suspend" a page limit apparently imposed on prisoners by the MCF–Rush City law library. *Id.* Third, Nelson asks the Court to have prison officials create an electronic account for Nelson's use in preserving documents relevant to his case. *See id.* Finally, Nelson asks the Court to "toll/pause this case long enough to get copies" of relevant materials. *Id.*

With respect to Nelson's copy-costs request, the Court denies it for the same reasons discussed in Section III above. For the second and third requests, these

---

[6] Including the reason discussed in note 4 above.

6

preliminary-injunction requests all appear to arise from claimed conditions at MCF–Rush City—where, as discussed above, Nelson no longer resides. The Court therefore recommends denying denies those requests as moot.[7] Finally, with respect to tolling or pausing this case, the Court denies that request. The request has plainly been superseded by later case developments, and so Nelson's current deadline to submit an amended complaint will remain in place.

### VII. Copies Request

The Copies Request states that Nelson "needs copies of everything that has been filed" in several actions, including this one, and he repeats his request (from the Copies Motion) that "copy costs [be] added to the case filing costs." See Copies Req. 1. The Court denies the copy-costs request for the same reasons discussed in Section III above. Furthermore, the Court will not provide Nelson with copies of any documents filed in other actions or documents he himself has filed here. As an exercise of its discretion, however, the Court will send Nelson copies of materials in this case that he himself did not file. The Copies Request is granted to that extent, and otherwise denied.

### VIII. Discovery Motion and Second Discovery Motion

On August 16, 2023, the Court received Nelson's Discovery Motion and Second Discovery Motion. See Docket. Both are essentially letters to this action's judges making certain requests. The Discovery Motion asks the Court to order Defendant Jesse Pugh to produce eleven documents ostensibly "confiscated" by prison authorities. See Discovery Mot. 1. The Second Discovery Motion seems to make the same request for nine other documents. See Second Discovery Mot. 1.

---

[7] Again, the reason discussed in note 3 above applies here as well.

At this early phase of this matter, the Court is still waiting for Nelson to supply this matter's operative pleading. Given this procedural posture, the Court will not enter discovery-related orders at this time. The Discovery Motion and Second Discovery Motion are therefore denied. This decision is without prejudice to Nelson renewing these requests if and when this case enters discovery.

### IX.    Motion to Substitute and Clarification Motion

The Motion to Substitute, received by the Court on August 22, 2023, asks the Court to let Nelson replace Pugh as this matter's defendant, given that he is no longer MCF–Rush City's warden. *See* Mot. to Substitute 1. The Court grants this motion: to the extent that the warden of MCF–Rush City is an appropriate party in this action after Nelson submits his upcoming filing, the Court will henceforth refer to the current warden.

Finally, the Clarification Motion, received on August 28, 2023, asks the Court to "take notice" of Nelson's views about this Court's Order dated August 18, 2023. *See* Clarification Mot. 1. It is unclear just what Nelson means here, but he does stress that he made a request for his immediate release—presumably justifying his attempts to treat this action as a habeas matter—in "the declarations of the memorandum of law." *Id.* The Court construes this as a reference to the document at ECF No. 2 (titled "Declaration of Chad Nicholas Nelson and Memorandum of Law"). The Court is aware of the document and acknowledges Nelson's statement in the Clarification Motion. To the extent that the Clarification Motion asks for something else, however, the Court denies it.

8

**ORDER**

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Chad Nicolas Nelson's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 7, is **GRANTED**.

2. Nelson's First Motion in Limine, ECF No. 17, is **DENIED** to the extent that it asks for appointed counsel and asks that "free copying" be included in any *in forma pauperis* orders.

3. The request for appointed counsel in Nelson's letter received on May 30, 2023, ECF No. 18, is **DENIED**.

4. Nelson's motion received on July 31, 2023, ECF No. 45, is **DENIED** as to its first and fourth requests.

5. Nelson's requests in the letter received on July 31, 2023, ECF No. 47, are **GRANTED** to the extent that the Clerk of Court is ordered to send to Nelson a copy of ECF Nos. 4, 5, 6, 14, 15, 20, 25, 30, 32, 36, 42, 44, 67, 57, 58, 71, and 74. The requests are otherwise **DENIED**.

6. Nelson's Motion for an Order Compelling Discovery, ECF No. 51, and Urgent Motion for an Order Compelling Discovery, ECF No. 53, are **DENIED**.

7. Nelson's Motion to Substitute Parties, ECF No. 61, is **GRANTED**.

8. Nelson's Motion to Clarify and Comment on Order Dated 8-18-2023, ECF No. 65, is **DENIED** as discussed in Section IX above.

**RECOMMENDATION**

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Nelson's First Motion in Limine, ECF No. 17, be **DENIED** to the extent that it seeks injunctive relief.

2. Nelson's motion received on June 7, 2023, ECF No. 23, be **DENIED**.

3. Nelson's motion received on July 31, 2023, ECF No. 45, be **DENIED** as to its second and third requests.

Dated: January 30, 2024               ___s/David T. Schultz____
                                      DAVID T. SCHULTZ
                                      U.S. Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).